SUMMERS, Justice.
Charles E. Smith was indicted for the murder of Bobbie Jean Veal on November 2, 1967. La.R.S. 14:30. He was tried by a jury which rendered a verdict of guilty without capital punishment. On June 27, 1968 he was sentenced to spend the rest of his natural life in the State Penitentiary. A motion for a new trial was filed.
Smith was an indigent and was represented at the trial by court appointed counsel. After sentence, no bills of exceptions were perfected and no appeal was made. *296 Accordingly Smith was incarcerated in the State Penitentiary.
On July 16, 1971 Smith filed an application for habeas corpus in the trial court of his conviction. He alleged that he was denied his right of appeal because court appointed counsel failed to perfect an appeal, although he did express his desire to appeal. An evidentiary hearing held in connection with this application centered around whether Smith informed either counsel or the court of his desire to appeal his conviction. The testimony of the attorney appointed to represent Smith leaves no doubt that he would not have taken an appeal, for he was convinced that an appeal would be frivolous. This application was denied.
Following denial of relief in the trial court, Smith filed a new petition in the Louisiana Supreme Court, in which he alleged “that he was an indigent and that he was not advised of his absolute right to appeal in forma pauperis and to the appointment of counsel to represent him on his appeal without cost to him, and he has thereby been denied the equality required by the Fourteenth Amendment and he is being held unlawfully in custody.” This application was denied on March 8, 1973. Application was then made for habeas corpus in the United States District Court. In June 1973 that court ordered an out of time appeal.
Thereafter on September 1, 1973 the Criminal District Court for the Parish of Orleans appointed counsel for Smith and granted an out of time appeal. Counsel then applied to this Court to review the conviction and sentence and to render judgment in accordance with law. We granted a writ of certiorari and ordered the record transmitted to this Court.
Three principal contentions are made on this out of time appeal.
I.
It is contended that the trial judge committed prejudicial error when he permitted the introduction of evidence of Smith’s prior convictions for offenses unrelated to the offense for which he was being tried, and then neglected to instruct the jury that this evidence could be used solely for the purpose of impeaching applicant’s credibility.
The accused testified before the jury in his own behalf on direct examination. He was the only witness to testify for the defense. He recounted his version of the facts surrounding the killing of the victim which were in direct contradiction of the facts testified to by the States’ witnesses. On cross-examination, in order to impeach the credibility of the accused, the Assistant District Attorney asked Smith whether he had been convicted of simple burglary on July 18, 1961; whether he had been convicted of simple burglary on October 24, 1961; and whether he had been convicted of carrying a concealed weapon on October 7, 1965. Smith readily acknowledged these convictions. The prosecutor, then went on to cross-examine Smith regarding his alibi.
Initially we note that defense counsel raised no objection to these questions at the time they were propounded, although our careful review of the entire record convinces us that trial counsel was competent and fully advocating the cause of the accused. His reasons for not objecting were no doubt based upon the psychology of such an objection at a jury trial and, therefore, valid and in his client’s best interest at the time, in counsel’s judgment.
Moreover, the law permitting such questioning is clear and unequivocal. Section 495 of Title 15 of the Revised Statutes provides:
“Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to *297 be impeached, he must have been questioned on cross-examination as to such conviction and have failed distinctly to admit the same . ” (emphasis added)
These questions concerning previous convictions were the predicate to the State’s right to show evidence of other convictions. But since Smith admitted the convictions it was unnecessary to go further.
By propounding the questions relative to prior convictions as the law authorizes, the prosecutor undoubtedly did accomplish his intended purpose which was to impeach Smith’s credibility. Since no showing was made that any State’s witness had previously been convicted of a crime, the contrast in the facts testified to by them with the defendant’s version of the facts was significant. This contrast was relevant to the credibility of the witnesses. A thrice-convicted felon’s alibi is not, as a practical matter, as credible as that of persons who have never been convicted of crimes.
II.
Defense counsel on this appeal asserts that the State has not sustained the burden of proof beyond a reasonable doubt. We recognize that this is a jury question and not a determination to be made by the Court on appeal. La.Const. art. VII, |j 10. Nevertheless, considering the charge made here that trial counsel failed to appeal, and the out of time nature of this appeal, we have considered the motion for a new trial which trial counsel did file based on the inadequacy of the evidence to sustain the verdict. We have taken this step even though defense counsel did not pursue the motion or obtain a ruling thereon. We have also reviewed the record with the question in mind whether trial counsel was correct in the position he took that an appeal in this case would be frivolous. On both counts the result is adverse to the defense.
In our view the State has more than adequately sustained the burden of proof beyond a reasonable doubt that the defendant was guilty of killing the victim Bobbie Jean Veal, a seventeen-year-old girl. The evidence abundantly sustains the verdict of guilty and trial counsel correctly took the position that an appeal would be frivolous. Nevertheless, we must conclude that defense counsel did not properly terminate his representation of Smith. According to the decision of the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)
“. . . if counsel finds his case to be wholly frivolous, after a, conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel’s brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel —then proceeds, after a full examination of all proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel’s request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.”
Of course, the foregoing was not done. However, this full scale out of time appeal corrects the error. A very competent, industrious and conscientious counsel represents Smith on this appeal. Thus both of Smith’s objections, that he was not advised of his right to appeal and that trial *298 counsel failed to appeal, are met. This error is, therefore, harmless. La. Code Crim.Proc. art. 921.
Our review of the evidence shows that there were three eyewitnesses to the killing. Smith entered a barroom during the early morning hours of October 30, 1968 where Bobbie Jean Veal, his one-time girl friend, was talking on the phone. He grabbed her by the neck and virtually dragged her outside, where, after some struggle, he stabbed her in the region of the heart. She slumped to the ground, on the public walk near the barroom, and died. This occurred in the full view of two witnesses, a third having observed the entire incident except for the actual stabbing. All three of these witnesses testified for the State. All three positively identified Smith as the killer. Except for defendant’s testimony, which was entirely unsupported, no evidence contradicted the State’s case.
Defendant’s version of what occurred was an implausible story that two “Dudes” he had been playing dice with in an alley on the side of the barroom killed Bobbie Jean. He said he got into a fight with them over winning in the dice game and as they fled the scene they attacked Bobbie Jean. Although he testified he knew one of these witnesses before, he could not furnish the witness’ name, address or other corroboration of the actual existence of the parties he said committed the act.
The police arrived minutes after the stabbing and found Smith at the scene of the crime. He had tried to get away but his car would not start, after which he was told by those present that he had better not leave the scene.
III.
The third argument made in brief on behalf of the defense relates to the failure of trial counsel to perfect any bills of exceptions reserved during the trial. Particularly, it is contended that trial counsel objected to the introduction by the State of the rights of arrestee form which Smith had refused to sign. When the objection was overruled, a bill of exceptions was reserved but was never perfected. Since we are considering this issue on this out of time appeal as though the bill had been perfected, the objection that failure to perfect the bill resulted in prejudicial error has no merit. Moreover, the objection itself was without merit. Indeed, neither defense counsel at the trial nor defense counsel on this appeal points out wherein the trial judge erred in overruling the objection.
The circumstances relevant to this issue are briefly reviewed. Smith contended while on the witness stand that at the time of his arrest he told the police officers about the dice game, the fight, the attack on the girl, etc. Thus it was permissible for the State on rebuttal to show by the testimony of the arresting officers that at the time of his arrest he had told the police absolutely nothing and had refused to sign the rights of arrestee form. In this context, therefore, it was proper to introduce the rights of arrestee form to corroborate the testimony of the arresting officers.
Other objections were made by defense counsel at the trial, most of which were sustained by the trial judge. No other issue is asserted on this appeal regarding rulings of the trial judge.
In addition to a careful reading of the entire record with a view to determining whether the evidence sustained the conviction, we have studied the record to determine whether there were errors patent upon the face of the record, though none are urged. We have found no errors patent on the face of the record.
For the reasons assigned, the conviction and sentence are affirmed.
SANDERS, J., concurs in the result.