CALOGERO, Justice.
The defendant Vernel Kenneth Smith, was charged by Bill of Information with violation of R.S. 40:971, possession of heroin. The defendant waived jury trial and was granted a motion for trial by judge alone. On September 11, 1972, the defendant was found guilty as charged. Upon denial of defendant’s Motion for a New Trial, defendant waived legal delays prior to sentencing. He was sentenced to serve 10 years at hard labor in the custody of the Director of the Department of Corrections with credit for time served.
During the course of the trial one Bill of Exceptions was reserved. It was not perfected, however. On October 5, 1973, the trial court granted defendant an out-of-time appeal, and present defense counsel was appointed to represent defendant on this appeal. We will consider the Bill of Exception which was taken, although not formally perfected, thus affording defendant a right of review otherwise lost by trial counsel’s failure to perfect a timely appeal. See State v. Smith, 290 So.2d 294 (La.1973).
After the State closed its case, defense counsel moved for a judgment of acquittal arguing that the State failed to prove its case because the testimony of the only witnesses to the crime, the two arresting officers, was in conflict. The facts are that Officers Kirsch and Cherry were on duty at 12:30 a. m. on March 13, 1972, at Orleans Parish Prison. They were called to investigate a report from the tower guard that someone was in the parking lot behind the Parish Prison at that time. Both officers saw the defendant bending over a piece of tailpipe near the Broad Street bus stop. The bus stop is adjacent to the parking lot. Officer Cherry testified that he did not see the defendant place anything in the pipe. Officer Kirsch testified that he saw the defendant placing something in the pipe. As the officers approached, the defendant began walking away from the area. Officer Cherry went after the defendant and arrested him and Officer Kirsch retrieved a bag containing twenty-one (21) glassine envelopes, each containing heroin, from the pipe. The testimony *677 of the Officers allegedly differed as to the exact location of the defendant with respect to the bus stop and the prison when first viewed by them. The record shows that Officer Kirsch on cross-examination testified that the defendant was twenty (20) feet from the bus stop. Officer Cherry on cross-examination stated that the defendant was three to six feet from the bus stop, and twelve to fifteen feet from the prison wall.
We construe trial defense counsel’s motion for judgment of acquittal as a motion for directed verdict.
Article 778 of our Code of Criminal Procedure with regard to directed verdicts provides in part,
“In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of a defendant, after the close of the state’s evidence or of all the evidence, if the evidence is insufficient to sustain a conviction.’’
In State v. Douglas, 278 So.2d 485, 491 (La.1973), we stated,
“We hold that the language in Article 778 < * * * if the evidence is insufficient to sustain a conviction’ refers to a situation in which the prosecution has produced no evidence to prove a crime or an essential element.”
Since the State in this case introduced the testimony of at least one eyewitness who observed defendant placing heroin in a pipe near the bus stop, they clearly produced some evidence to prove the crime. And this is so notwithstanding there may have been some minor inconsistency (on an incidental matter) in the testimony of the two arresting officers. We find the bill of exception lacking in merit.
Further, our review of the pleadings and proceedings reveal no error. La.C.Cr.P., art. 920.
Therefore, the conviction and sentence of the defendant, Vernel Kenneth Smith, are affirmed.
Affirmed.
SANDERS, C. J., concurs in the result.'